```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA       *     Docket 12-CR-194
                               *
versus                         *     Section F
                               *
KELLEY WILLIAMS                *     July 25, 2012
                               *
* * * * * * * * * * * * * * * *


                    REARRAIGNMENT HELD BEFORE
                THE HONORABLE MARTIN L.C. FELDMAN
                    UNITED STATES DISTRICT JUDGE
```

Appearances:

| | |
|---|---|
| For the United States: | U.S. Attorney's Office<br>BY:  JON MICHAEL MAESTRI, ESQ.<br>650 Poydras Street, Suite 1600<br>New Orleans, Louisiana 70130 |
| For Kelley Williams: | JULIE C. TIZZARD, ESQ.<br>700 Camp Street, Suite 101<br>New Orleans, Louisiana 70130 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, Room HB-406<br>New Orleans, Louisiana 70130<br>(504) 589-7778<br>Toni_Tusa@laed.uscourts.gov |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

| | | |
|---|---|---|
| | 1 | **PROCEEDINGS** |
| 13:24 | 2 | **(July 25, 2012)** |
| 13:30 | 3 | **THE COURT:** Good afternoon. |
| 13:30 | 4 | **THE DEPUTY CLERK:** This is Criminal Action 12-194, |
| 13:30 | 5 | United States of America versus Kelley Williams. |
| 13:30 | 6 | **MR. MAESTRI:** Good afternoon, Your Honor. |
| 13:30 | 7 | Jon Maestri for the United States. |
| 13:30 | 8 | **MS. TIZZARD:** Julie Tizzard on behalf of Kelley |
| 13:31 | 9 | Williams. |
| 13:31 | 10 | **THE COURT:** Swear the defendant, please. |
| 13:31 | 11 | (Defendant sworn.) |
| 13:31 | 12 | **THE COURT:** Now, Counsel, I understand that the |
| 13:31 | 13 | defendant is here to change her plea from not guilty to guilty |
| 13:31 | 14 | to a bill of information regarding forgery. Is that correct? |
| 13:31 | 15 | **MR. MAESTRI:** That's correct. |
| 13:31 | 16 | **THE COURT:** Ms. Williams, you have a right to have an |
| 13:31 | 17 | attorney present at every stage of these proceedings. Although |
| 13:31 | 18 | you are presently represented by Ms. Tizzard, if it should |
| 13:31 | 19 | develop that you need to change lawyers and cannot afford an |
| 13:31 | 20 | attorney, the Court will appoint an attorney to represent you |
| 13:31 | 21 | at no cost. Do you understand that? |
| 13:31 | 22 | **THE DEFENDANT:** Yes, sir. |
| 13:31 | 23 | **THE COURT:** Does the defendant waive the reading |
| 13:31 | 24 | of -- |
| 13:31 | 25 | Was there an indictment? |

**MR. MAESTRI:** There was a bill, Your Honor, and a waiver was executed at the initial appearance.

**THE COURT:** Okay. Thank you.

Now, before I can accept your guilty plea, the law requires me to ask you certain specific questions. If I ask you something that you don't understand, stop me. I'll try to explain it to you. Also, you have a right to speak in private with your attorney at any time you feel that you need to do so.

Finally, before we move on, it's my duty to remind you that you are under oath now and, therefore, anything that you say in this proceeding could later be used against you in a prosecution for perjury or false statement.

Do you understand everything I have said?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** How are you, ma'am?

**THE DEFENDANT:** Thirty-eight.

**THE COURT:** How much education have you had?

**THE DEFENDANT:** A bachelor's.

**THE COURT:** Do you read and understand the English language?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Are you now or have you recently been under the care of a doctor or a psychiatrist?

**THE DEFENDANT:** No.

```
13:32   1           THE COURT:  Have you been treated for narcotic
13:32   2   addiction?
13:32   3           THE DEFENDANT:  No.
13:32   4           THE COURT:  Pardon?
13:32   5           THE DEFENDANT:  No, sir.
13:32   6           THE COURT:  I assume that your attorney has explained
13:32   7   the charge against you, but I need to go over it in some
13:32   8   detail.  This is what the one-count bill of information charges
13:33   9   you with.
13:33  10           The government points out that the Whitney Bank
13:33  11   is a financial institution located here in this federal
13:33  12   district, in the Eastern District of Louisiana.  It's a
13:33  13   federally insured bank.  Capital One and JPMorgan Chase are
13:33  14   also financial institutions, federally insured banks here in
13:33  15   this district.
13:33  16           I guess I should disclose that I have an account
13:33  17   at one of the Chase branches, but it's in New York.  I deal
13:33  18   with the local, but I don't think the two are even related.  I
13:33  19   think the computers don't even speak to one another.  At any
13:33  20   rate, just so everybody knows.
13:33  21           The government describes, I think, a couple of
13:34  22   victims, one a nonprofit corporation simply identified as "A"
13:34  23   and a law firm identified as "A."  The nonprofit is located in
13:34  24   Metairie and apparently had an account at the Whitney.  It also
13:34  25   is a tax-exempt organization that provides services to
```

**THE COURT:** Have you been treated for narcotic addiction?

**THE DEFENDANT:** No.

**THE COURT:** Pardon?

**THE DEFENDANT:** No, sir.

**THE COURT:** I assume that your attorney has explained the charge against you, but I need to go over it in some detail. This is what the one-count bill of information charges you with.

The government points out that the Whitney Bank is a financial institution located here in this federal district, in the Eastern District of Louisiana. It's a federally insured bank. Capital One and JPMorgan Chase are also financial institutions, federally insured banks here in this district.

I guess I should disclose that I have an account at one of the Chase branches, but it's in New York. I deal with the local, but I don't think the two are even related. I think the computers don't even speak to one another. At any rate, just so everybody knows.

The government describes, I think, a couple of victims, one a nonprofit corporation simply identified as "A" and a law firm identified as "A." The nonprofit is located in Metairie and apparently had an account at the Whitney. It also is a tax-exempt organization that provides services to

```
13:34   1    independent living residents at lower market rates, personal
13:34   2    care attendants, transportation, etc.  I guess it is a home for
13:34   3    the elderly.  The law firm is in New Orleans.  It's a law firm
13:34   4    that practices law here and has an account at the Whitney, and
13:34   5    apparently the head of the firm also had an account at the
13:35   6    Whitney.
13:35   7                 You, Ms. Williams, were employed by the
13:35   8    nonprofit as the CFO and you were also a legal assistant at the
13:35   9    law firm, which apparently represented the nonprofit from 2004
13:35  10    until January 26, 2011.  Among your duties, you were to
13:35  11    reconcile bank statements for the nonprofit and the law firm,
13:35  12    to prepare financial statements that had to be submitted to the
13:35  13    IRS, to enter financial information into the computer software,
13:35  14    and to keep account of the hours worked by the attendants of
13:35  15    the nonprofit.
13:35  16                 You apparently did not have the authority to
13:35  17    sign checks in your own name or in that of anyone else without
13:35  18    permission, but you committed forgery because the government
13:36  19    charges that beginning on or about February 2004 until on or
13:36  20    about January 26, 2011, you did knowingly make, utter, and
13:36  21    possess forged securities of, namely, checks drawn on the
13:36  22    Whitney Bank of Nonprofit A and the personal account of the
13:36  23    president and head or director of the law firm.  You did so
13:36  24    with the intent to deceive others.
13:36  25                 The forgeries, the government charges, were
```

13:36     1    accomplished when you made checks payable to yourself or to
13:36     2    others without authorization and forged the name of the
13:36     3    president and director of the nonprofit as well as the law firm
13:36     4    as the drawer of checks and then you deposited, the government
13:36     5    charges, those checks into your Capital One or JPMorgan Chase
13:37     6    bank accounts.
13:37     7              The government further charges that you would
13:37     8    log into the involved computer accounting software to disguise
13:37     9    the actual payee and then to replace different names to give
13:37    10    the appearance of some actual expense.  Once you received the
13:37    11    bank statements the next month, you would cut out or delete
13:37    12    your name as payee, replace it with another payee to match the
13:37    13    one listed in the computer accounting software, you made
13:37    14    copies, and then you would place what appeared to be actual
13:37    15    canceled checks into the monthly bank account.
13:37    16              The government gives an example of what you did
13:37    17    and charges further on or about somewhere near February of 2004
13:37    18    until January 26, 2011, you embezzled a total of $245,386.60
13:38    19    from Nonprofit A and Law Firm A.
13:38    20              There's also a notice of forfeiture, which simply
13:38    21    means that any money, any property that can be indirectly or
13:38    22    directly traced to the money that you stole needs to be given
13:38    23    back to the government; and that if the government can't find
13:38    24    the property or money, you have to repay the government a
13:38    25    similar amount.

| | | |
|---|---|---|
| 13:38 | 1 | Do you understand the charge against you? |
| 13:38 | 2 | **THE DEFENDANT:** Yes, sir, I do. |
| 13:38 | 3 | **THE COURT:** Do you understand what it means to be |
| 13:38 | 4 | saying that you're guilty as charged? |
| 13:38 | 5 | **THE DEFENDANT:** Yes, sir. |
| 13:38 | 6 | **THE COURT:** Now, ma'am, the maximum sentence which |
| 13:38 | 7 | the Court could impose -- and I want you to understand the |
| 13:38 | 8 | Court could impose the maximum sentence whether you plead |
| 13:38 | 9 | guilty or whether you go to trial and are found guilty -- |
| 13:38 | 10 | **THE DEFENDANT:** I understand. |
| 13:38 | 11 | **THE COURT:** -- is as follows: You could receive up |
| 13:38 | 12 | to 10 years in prison, followed by a 3-year term of supervised |
| 13:39 | 13 | release, plus a $250,000 fine, and you would -- |
| 13:39 | 14 | Did I say 3 years supervised release? Did I |
| 13:39 | 15 | mention that? All right. |
| 13:39 | 16 | Supervised release is a period following your |
| 13:39 | 17 | release from prison during which time your conduct will be |
| 13:39 | 18 | monitored by this Court. If during supervised release you |
| 13:39 | 19 | violate a condition of supervised release, the Court would have |
| 13:39 | 20 | the discretion to revoke and return you to prison for some or a |
| 13:39 | 21 | remaining part of the time left on supervised release. |
| 13:39 | 22 | However, if during supervised release you are found to have |
| 13:39 | 23 | been in possession of an unlawful drug, I would have no |
| 13:39 | 24 | discretion; I would be required to return you to prison for all |
| 13:39 | 25 | or some remaining part of the time left on your supervised |

| | | |
|---|---|---|
| 13:39 | 1 | release term. |
| 13:39 | 2 | Now, do you understand the maximum sentence that |
| 13:39 | 3 | I could impose? |
| 13:39 | 4 | **THE DEFENDANT:** Yes, sir. |
| 13:39 | 5 | **THE COURT:** Do you understand that the maximum |
| 13:40 | 6 | sentence could be imposed even if I accept your guilty plea? |
| 13:40 | 7 | **THE DEFENDANT:** Yes, sir. |
| 13:40 | 8 | **THE COURT:** Now, your case comes under a law known as |
| 13:40 | 9 | the sentencing guidelines law. The guidelines law is advisory |
| 13:40 | 10 | only, and we don't even know what your guidelines are now. We |
| 13:40 | 11 | won't know until I hear from the probation office. But because |
| 13:40 | 12 | the guidelines are advisory only, they are not binding on the |
| 13:40 | 13 | Court, there are many things that the law requires the Court to |
| 13:40 | 14 | consider when trying to fashion an appropriate sentence in your |
| 13:40 | 15 | case. So I want you to understand that you could receive a |
| 13:40 | 16 | sentence below the guidelines, above the guidelines, within the |
| 13:40 | 17 | guidelines, or the maximum sentence permitted by law if I |
| 13:40 | 18 | determined that that would be appropriate in your case. Do you |
| 13:40 | 19 | understand that? |
| 13:40 | 20 | **THE DEFENDANT:** I understand, I do. |
| 13:40 | 21 | **THE COURT:** In the federal system, Ms. Williams, |
| 13:41 | 22 | there's no such thing as early release. That means there's no |
| 13:41 | 23 | parole. So if I do order jail time, you will serve nearly all |
| 13:41 | 24 | of the time that I order you to serve. Do you understand that? |
| 13:41 | 25 | **THE DEFENDANT:** Yes, sir. |

          Now, you have a plea agreement with the government. I will get to that in a moment, but for now I need to remind you that plea agreements, although they are perfectly proper, are not binding on the Court. That simply means that if after looking into your background, the circumstances of your crime, any prior criminal history, all other relevant conduct, if I decide that it's appropriate to impose the maximum sentence permitted by law, I will do so.

          **THE DEFENDANT:** I understand.

          **THE COURT:** Now, if I accept your guilty plea, you will not be entitled to a trial, and that means the government will not be required to prove that you are guilty beyond a reasonable doubt. On the other hand, if you plead not guilty, as you have every right to do, you would be entitled to a speedy and public trial by a jury of 12 people or by a judge if you waive a jury trial. Before you could be found guilty, the verdict of the jury would have to be unanimous. All 12 jurors would have to say that you're guilty before you could be found guilty.

          At your trial you would be entitled to the presumption of innocence until such time, if ever, the government could prove your guilt beyond a reasonable doubt. Also at trial you would be entitled to the right to silence. You would not have to prove any evidence of your innocence.

          At trial you would be entitled to cross-examine

10

```
13:42   1   the government's witnesses who testify against you.  Although
13:42   2   you couldn't be forced to do so, if you chose to do so, you
13:43   3   could make people come here to testify in your favor.
13:43   4               Before you could be found guilty, the government
13:43   5   would have to prove certain very specific things beyond a
13:43   6   reasonable doubt.  In plain terms, the crime that you are
13:43   7   accused of is forgery.
13:43   8               The first thing the government would have to
13:43   9   prove is that you forged the checks which are in question in
13:43  10   the bill of information against you involving the nonprofit and
13:43  11   the law firm; secondly, that you did so with the intent to
13:43  12   deceive or cheat someone; that you acted knowingly, in other
13:43  13   words, that what you did you didn't do by mistake or some
13:43  14   accident, you knew what you were doing when you did it.
13:43  15               Do you understand what the government would have
13:43  16   to prove before you could be found guilty?
13:44  17          **THE DEFENDANT:**  Yes, sir.
13:44  18          **THE COURT:**  Are you pleading guilty because you are,
13:44  19   in fact, guilty as charged?
13:44  20          **THE DEFENDANT:**  Yes, sir.
13:44  21          **THE COURT:**  I'll get to the plea agreement in a
13:44  22   moment.
13:44  23               Have you been influenced, induced, or persuaded
13:44  24   in any manner to plead guilty because of any promises of
13:44  25   leniency or any other things made by anyone?
```

```
13:44   1          THE DEFENDANT:  No, sir.
13:44   2          THE COURT:  Have you been influenced, induced, or
13:44   3  persuaded in any manner to plead guilty because of any promises
13:44   4  of leniency by anyone?
13:44   5          THE DEFENDANT:  No.
13:44   6          THE COURT:  Has anyone, including your attorney,
13:44   7  other than what we have already discussed here in court, told
13:44   8  you what sentence you might receive if I decide to accept your
13:44   9  guilty plea?
13:44  10          THE DEFENDANT:  Just the 10 years maximum is all I've
13:44  11  been told.
13:44  12          THE COURT:  The maximum?
13:44  13          THE DEFENDANT:  Yeah, they have informed me of that.
13:44  14          THE COURT:  All right.  Have you had enough time to
13:44  15  discuss this case with your attorney and to look into any
13:45  16  possible defenses that you might have?
13:45  17          THE DEFENDANT:  Yes.
13:45  18          THE COURT:  Are you satisfied with her advice and
13:45  19  services to you?
13:45  20          THE DEFENDANT:  Absolutely.
13:45  21          THE COURT:  Now, if I accept your guilty plea, I'm
13:45  22  going to ask the probation office to prepare a presentence
13:45  23  investigation report to assist me in sentencing you, but that
13:45  24  does not mean that you necessarily even qualify for probation.
13:45  25  Do you understand that?
```

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Let's get the plea agreement into the record, please.

**MR. MAESTRI:** Yes, Your Honor. There's a 5-page document with today's date, signed by myself with today's date.

Ms. Williams, is that your signature --

**THE DEFENDANT:** It is.

**MR. MAESTRI:** -- and today's date?

Ms. Tizzard, is that your signature?

**MS. TIZZARD:** Yes.

**MR. MAESTRI:** May I file it with the Court?

**THE COURT:** So ordered.

Now, as I indicated earlier, plea agreements are perfectly proper, but they are not binding on the Court.

**THE DEFENDANT:** I understand.

**THE COURT:** That means again that after looking at all aspects of your case and any other relevant conduct, if I decide the maximum sentence is an appropriate sentence in your case, I will impose it. Do you understand?

**THE DEFENDANT:** Yes, sir, I do.

**THE COURT:** Has anyone made any promises to you in order to get you to sign the plea agreement?

**THE DEFENDANT:** No.

**THE COURT:** Now that you know the plea agreement is not binding on the Court, do you want to proceed with it or

```
13:46   1    would you rather withdraw from it and go to trial?
13:46   2            THE DEFENDANT:  I would like to proceed with it.
13:46   3            THE COURT:  Counsel, have you explained the charge to
13:46   4    your client and are you satisfied she knows what she is charged
13:46   5    with?
13:46   6            MS. TIZZARD:  Yes, Your Honor.
13:46   7            THE COURT:  Have you had enough time to look into her
13:46   8    case and to look at any possible defenses that she might have
13:46   9    and to advise and counsel with her?
13:46  10            MS. TIZZARD:  Yes, Your Honor.
13:46  11            THE COURT:  Do you join with her in her decision to
13:46  12    plead guilty?
13:46  13            MS. TIZZARD:  Yes.
13:46  14            THE COURT:  Are you satisfied she is doing so
13:46  15    voluntarily and understandingly and with full knowledge of the
13:46  16    consequences of her plea?
13:46  17            MS. TIZZARD:  Yes.
13:46  18            THE COURT:  Other than what has been said here in
13:47  19    court, have you made any representations to her as to the
13:47  20    sentence that I might impose?
13:47  21            MS. TIZZARD:  No, Your Honor.  I did go over the
13:47  22    guidelines, but I let her know that the sentence is up to you
13:47  23    and the guidelines are really advisory.
13:47  24            THE COURT:  Ms. Williams, have you heard and
13:47  25    understood the questions I have asked your attorney and the
```

```
13:47   1   answers she gave?
13:47   2           THE DEFENDANT:  Yes, sir.
13:47   3           THE COURT:  Has anything taken place here in court
13:47   4   this afternoon that you would now like to stop and speak with
13:47   5   me about or question me about, speak in private with your
13:47   6   attorney about, or even question the assistant United States
13:47   7   attorney about, anything at all?
13:47   8           THE DEFENDANT:  Nothing at all.
13:47   9           THE COURT:  Do you waive the reading of the factual
13:47  10   basis?
13:47  11           MS. TIZZARD:  Yes, Your Honor.
13:47  12           THE COURT:  Let's get that in the record.
13:47  13           MR. MAESTRI:  There's also a five-page factual basis
13:47  14   with today's date, signed by myself.
13:47  15               Ms. Williams, is that your signature?
13:47  16           THE DEFENDANT:  Yes, it is.
13:47  17           MR. MAESTRI:  Ms. Williams's attorney, Ms. Tizzard,
13:47  18   is that your signature?
13:47  19           MS. TIZZARD:  Yes.
13:47  20           MR. MAESTRI:  You both have read this five-page
13:47  21   document?
13:47  22           THE DEFENDANT:  Yes.
13:47  23           MS. TIZZARD:  Yes.
13:47  24           THE COURT:  It will be admitted into the record
13:47  25   without objection.
```

				This factual basis is simply a written summary of the evidence that the government would intend to use at trial in order to convict you. You have waived the reading of it. It's been explained to you. You have signed it, as has your attorney, but before we move on, let me ask you: Is there anything about the factual basis that is mistaken or untrue?

**THE DEFENDANT:** Nothing.

**THE COURT:** Let me ask you again: Do you fully understand the charge against you?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you understand what it means to be saying that you're guilty as charged?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Are you pleading guilty because you are, in fact, guilty?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Are you doing so voluntarily and of your own free will?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Now, you have said throughout that you want to plead guilty, but I want you to understand no one can force you to plead guilty. You have a right to plead not guilty, a right to go to trial. I think there's a trial date that's set July 25. You would be entitled to those constitutional guarantees that I described for you earlier. Do

| | | |
|---|---|---|
| 13:49 | 1 | you understand that? |
| 13:49 | 2 | **THE DEFENDANT:** Yes, sir. |
| 13:49 | 3 | **THE COURT:** Do you still wish to plead guilty? |
| 13:49 | 4 | **THE DEFENDANT:** Yes, sir. |
| 13:49 | 5 | **THE COURT:** Based upon the testimony, the record, and |
| 13:49 | 6 | the exhibits, the Court finds that there is a factual basis for |
| 13:49 | 7 | the guilty plea in this matter and I do, therefore adjudge the |
| 13:49 | 8 | defendant, Kelley Williams, guilty as to her plea of guilty |
| 13:49 | 9 | with respect to Count 1 of the one-count bill of information. |
| 13:49 | 10 | I'm going to ask the probation office to prepare a presentence |
| 13:49 | 11 | investigation report to assist me in sentencing the defendant. |
| 13:49 | 12 | You will be interviewed by a United States |
| 13:49 | 13 | probation officer.  You will be expected to answer all |
| 13:49 | 14 | questions truthfully.  You may have your attorney present |
| 13:49 | 15 | during any such interview.  You will have a right to see the |
| 13:50 | 16 | report before your sentencing hearing and to make any |
| 13:50 | 17 | objections to it, if you have any.  Also, both you and your |
| 13:50 | 18 | attorney will have the right to speak on your behalf in |
| 13:50 | 19 | mitigation of any sentence the Court might intend to impose at |
| 13:50 | 20 | your sentencing hearing. |
| 13:50 | 21 | I'm going to set your sentencing date for |
| 13:50 | 22 | Wednesday, November 7, 2012, at 1:30 p.m.  You and your |
| 13:50 | 23 | attorney are ordered to be here then. |
| 13:50 | 24 | Is the defendant on bond? |
| 13:50 | 25 | **MR. MAESTRI:** Yes, Your Honor.  No objection. |

13:50   1          **THE COURT:**  So ordered.  Thank you.
13:50   2          **MS. TIZZARD:**  Thank you, Judge.
13:50   3          **THE COURT:**  Call the next case.
13:50   4                              * * *

## CERTIFICATE

I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled matter.

*s/ Toni Doyle Tusa*
Toni Doyle Tusa, CCR, FCRR
Official Court Reporter